DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3695
    Fax: (510) 637-3724
    E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 18-0557 JD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| ANETH SANDOVAL, | Sentencing Date: August 7, 2019<br>Time: 10:30 a.m.<br>Judge: Hon. James Donato |
| Defendant. | |

## I. INTRODUCTION

The defendant, Aneth Sandoval, stands before the Court to be sentenced following pleading guilty to Counts One and Seven of the Indictment, charging her with conspiracy to deal firearms without a license and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(a)(1) and (g)(1). The charges in this case emanate from defendant arranging multiple firearms transactions with an undercover agent, including an initial sale that involved the sale of machine guns. The United States joins the Probation Officer in recommending a sentence of 100 months, a three year term of supervised release that includes a suspicionless search clause, forfeiture of the firearms and ammunition in the case, and a

mandatory special assessment of $200. A sentence of 100 months represents a serious sentence for the serious crimes committed by the defendant.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The United States agrees with the factual and procedural background set forth in the Presentence Investigation Report ("PSR"). In summary, Ms. Sandoval possessed and sold ten (10) firearms and accessories to an undercover agent on five dates between July 26 and October 29. 2018. The firearms Ms. Sandoval possessed and sold, in large part with the assistance of her co-defendant Mr. Shahbazpour, who has also pled guilty, represent a substantial arsenal of dangerous and illegal firearms and accessories, including:

- Two machine guns ("Glock" auto switches sold on July 26 by Sandoval only)
- Five Glock semi-automatic firearms (that the switches are designed to enable automatic fire from the semi-automatic Glock firearms)
- An Aero-Precision, Inc. .223 caliber assault style firearm that had been stolen
- An F.N. 5x7 caliber pistol, sometimes referred to colloquially as a "cop killer" on account of the original versions of the firearm being capable of piercing Kevlar vests; and
- Numerous extended magazines, including a 50 round drum magazine sold with one of the Glock firearms and a 60 round drum magazine sold with the Aero-Precision assault style firearm.

Ms. Sandoval also sold Xanax prescription drugs to an undercover agent on two occasions. Prior to her arrest on the federal charges in this case, Ms. Sandoval was arrested by San Leandro Police at a hotel in possession of another firearm, ammunition, a large amount of Xanax pills and marijuana.

Defendant pled guilty pursuant to a Rule 11(c)(1)(A) and (B) agreement by which the government agreed to a sentence at the low end of a Guidelines range based on a calculated adjusted offense level of 27 and Ms. Sandoval's criminal history as determined by the Court.

## III. SENTENCING GUIDELINES CALCULATIONS

The parties and the USPO agree that the following guidelines calculations apply:

|   |     |                                                                                          |     |
|---|-----|------------------------------------------------------------------------------------------|-----|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(3)(B):<br>(semiautomatic firearm possessed subsequent to a<br>felony conviction for a controlled substance offense) | 22 |
| b. | Specific Offense Characteristics:<br>U.S.S.G. § 2K2.1(b)(1)(B)<br>(offense involved eight to twenty-four (8-24) firearms) | +4 |
| c. | Specific Offense Characteristics<br>U.S.S.G. § 2K2.1(b)(1)(4)<br>(offense involved a stolen firearm) | +2 |
| d. | Specific Offense Characteristics<br>U.S.S.G. § 2K2.1(b)(1)(5)<br>(defendant engaged in the trafficking of firearms) | +4 |
| e. | Acceptance of Responsibility:<br>U.S.S.G. 3E1.1 | -3 |
| f. | Adjusted Offense Level: | 29 |

(PSR ¶¶ 34-46). The parties' plea agreement had calculated defendant's offense level as being only 27, and the government agreed to recommend a low-end Guidelines sentence based on that calculation. Though all parties now agree that defendant's offense level is 29, the government stands by its agreement and recommends a low end Guidelines sentence predicated on an adjusted offense level of 27. As described below, such a sentence is an appropriate sentence that meets the sentencing factors of 18 U.S.C. § 3553(a).

Defendant has seven (7) criminal history points, and therefore falls at the low end of criminal history category IV. (PSR ¶¶ 47-54). Thus, the defendant's Guidelines range is 120 months because her Guidelines range of 121-151 otherwise exceeds the maximum prison term she faces. (PSR ¶ 94).

## IV. STATUTORY SENTENCING FACTORS

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are very troubling. Defendant engaged in firearms trafficking, and helped facilitate the sale of a gruesome collection of firearms and high capacity magazines. She sold "Glock" auto switches she characterized as "hella illegal," that she knew were designed to convert semiautomatic Glock firearms into fully automatic machineguns.

//

### B. History and Characteristics of the Defendant

Defendant's criminal history is concerning. Defendant is only 22 years old. This will be her third adult conviction, following two juvenile convictions.

On the other hand, the government acknowledges that the trauma that Ms. Sandoval suffered as a child, the challenges she has faced, and her youth at the time of the instant offense, all bear consideration. The government will not expand at length on this topic and understands that defense counsel has or will make submissions to the Court to document the trauma Ms. Sandoval suffered.

A sentence of 100 months amounts to a below Guidelines sentence, and attempts to counterbalance Ms. Sandoval's troubling upbringing against the seriousness of the offenses she admits.

### C. Need to Reflect the Seriousness of the Offense and Deterrence of Criminal Conduct.

A sentence of 100 months reflects the seriousness of the offenses and should deter defendant's future criminal conduct. Such a sentence balances defendant's concerning crimes and criminal history against the challenges she has faced and the hope for rehabilitation.

### D. Need to Protect the Public

The public needs to be protected from persons who unlawfully sell firearms of the nature and quantity sold by defendant, seemingly without compunction at the time of the offense.

## V. CONCLUSION AND SENTENCING RECOMMENDATION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a 100-month term of imprisonment, a three-year term of supervised release, no fine, forfeiture of the firearms, ammunition and accessories, and a $200 special assessment.

In light of the defendant's criminal history and the nature of his offense, the government also recommends that the Court impose the following expanded search condition, which defendant agreed to accept in her plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

U.S. SENTENCING MEMORANDUM
CR 18-0557 JD

4

Given the defendant's criminal history and failure to comply with the conditions of her supervision in the past, the requested conditions are necessary to protect the public and serve the interests of deterrence and rehabilitation.

DATED: July 24, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 /s/
THOMAS R. GREEN
Assistant United States Attorney